## Case No. 9,674.

### In re MITTELDORFER et al.

[Chase, 276;[1] 3 N. B. R. 39 (Quarto, 9).]

Circuit Court, D. Virginia. May Term, 1869.

BANKRUPTCY—DECISION OF ASSIGNEE—REVERSAL —NOTICE—CLAIMS AGAINST ESTATE REPRESENTED BY BANKRUPT.

1. Assignees in bankruptcy of a firm sent back to the register for additional proof of a certain claim of M., proved by the oath of a member of the firm as trustee of the claimant. On application to the district judge by the counsel of the trustee it was ordered that dividend on the claim be paid.

2. The assignee had no notice of the application, and petitioned the circuit court to review the case, and to reverse the said order.

3. The district court has power upon petition of the contesting creditor, to reverse the decision of an assignee rejecting his claim, but the mode of proceeding must be regular, and the assignee should have opportunity to answer and contest the claim; order of the district court reversed.

4. Semble: That a member of a bankrupt firm can not represent claims against the estate.

Unto the Honorable Salmon P. Chase, Chief Justice of the United States of America, &c.: The petition of Andrew Rutherglen, of the city of Richmond, one of the assignees of Mitteldorfer & Co., bankrupts, respectfully showeth:—

That on this date (March 30, 1869), his honor Judge Underwood, was pleased to issue an order in the following terms:

"United States District Court, District of Virginia, Clerk's Office, Alexandria, Virginia, March 30, 1869. In the matter of Moses Mitteldorfer, Bankrupt. In Bankruptcy. On February 20, 1869, an order having been made in this cause directing the payment by Messrs. Rutherglen and Kent, the assignees, to Moses Mitteldorfer, the trustee to Mrs. Marcus, the wife of Jonas Marcus, of the dividend proven by her said trustee to which she is entitled, in common with the other creditors, unless within thirty days the said assignees should show cause why such dividend should not be paid, and no steps having been taken by said assignees in this wise, that order is now made final, and the assignees are hereby directed to pay the said dividend at once to the said trustee, Moses Mitteldorfer. Jno. C. Underwood, Dist. Judge.

"A true copy. Teste. Ed. J. Underwood, Dist. Clerk."

That your petitioner feels himself aggrieved by said order, and, therefore, prays that it be reviewed by your honor, and that upon this review your honor may be pleased to re-

---

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

verse the same, or to alter, vary, or do otherwise in the premises as the circumstances set forth in the following statement of facts and reasons may warrant:

Statement of facts: 1. Of this date (September 24, 1867), the firm of Mitteldorfer & Co. (the partners whereof being Moses Mitteldorfer, Charles Mitteldorfer, and Jonas Marcus) was in a state of hopeless insolvency, and notwithstanding their perfect knowledge of this fact, they determined to "struggle on" in business, evidently for the purpose of getting certain properties of Moses Mitteldorfer's disposed of in fraud of the firm's creditors, and said properties were so sold and to the persons as follows: First, September 26, 1867, a lot and house to Julius Straus, a son-in-law of the said Moses Mitteldorfer, for two thousand six hundred dollars. Second, November 25, 1867, a lot and house to David Mitteldorfer, a son-in-law of Moses, for two thousand dollars. Third, lots and houses on Navy Hill and Third street, to L. Straus, for twelve thousand five hundred dollars. 2. Of this date (January 13, 1868), after further attempts for a period of four months by Mitteldorfer & Co. to effect a compromise with their creditors, Messrs. Lathrop, Ludington & Co. of New York, to whom the bankrupts were indebted in the sum of ten thousand four hundred and seventy-three dollars and five cents, filed a petition in the bankruptcy court of the city of Richmond, praying the court to adjudicate the said Mitteldorfer & Co. bankrupts. 3. Of this date (January 23, 1868), the said firm was adjudged bankrupts by his honor, Judge Underwood, accordingly. 4. Of this date (January 25, 1868), the case was referred to Mr. Register Bond for further action. 5. Of this date (February 26, 1868), the usual warrant to the marshal as messenger, was issued by Mr. Register Bond; said warrant was returned executed on March 2, 1868. 6. Of this date (March 20, 1868), Andrew Rutherglen and Horace L. Kent, were appointed assignees in said bankruptcy, and on the following day notified their acceptance of said appointment. 7. Of this date (March 24, 1868), the assignees having obtained possession of the premises, stock in trade, and books and papers of the bankrupts in so far as surrendered by them, your petitioner made up an inventory of said books and papers accordingly. 8. That in the course of his investigations of said books and papers, your petitioner found that several books, indispensable to the assignees in their examination of the bankrupts' affairs, had been concealed or destroyed, and although repeatedly applied for, and threats made of enforcing the 44th section of the act against the bankrupts, no surrender of said books has been made. 9. That your petitioner of this date (September 28, 1868) proceeded to examine the proofs and claims of creditors filed with the register, and in consequence of absence of Ledger A (one of the concealed or destroyed books), your petitioner had to pass over claims or pretended claims, chiefly among Moses Mitteldorfer's own family and personal friends, amounting to twenty-five thousand two hundred and seventy-five dollars and one cent, until the production of said Ledger A. 10. That among these claims (in suspense) is the one made by the bankrupt, Moses Mitteldorfer, as trustee for his daughter, the wife of his partner, Jonas Marcus, for six thousand eight hundred and forty dollars. This claim your petitioner is satisfied is fraudulent, and will on the production of Ledger A prove it to be so. 11. That of this date (February 18, 1869), an order in the following terms was served upon your petitioner (but no copy of such order was ever served on his colleague, Mr. H. L. Kent): "The within named assignees are hereby ordered to comply with the prayer of the within petitioner, or show cause for their failure to do so, forthwith, before the district judge. (Signed) Jno. C. Underwood, District Judge. Feb. 18, 1869." No copy of the "within petition" was ever exhibited to, or served either upon your petitioner or his colleague, Mr. Kent. It is said to have been at the instance of Mrs. Rosalie Marcus, but for some cause it has never been filed in the clerk's office. 12. That your petitioner at once obtempered said order by appearing before the district judge, and averred and plead that the claim was one that could not be sustained until the production of the concealed or destroyed Ledger A; that his honor fixed the following Saturday, February 20, 1869, to hear parties thereon. 13. That on February 20, 1869, as fixed, your petitioner attended the district judge in chambers, along with counsel for the claimant; parties having been fully heard, his honor indicated an opinion that he would issue an order requiring the assignees, within thirty days thereafter, to adduce their evidence why the claim should not be sustained. 14. That of this date (February 20, 1869), being the last day of term, and his honor much pressed with business of the court, requested your petitioner to draw such an order as would meet his views of the case; this your petitioner had done, but on presenting it for his honor's signature, he said he would require to make an alteration which, when made, he would leave with Mr. Hunter in the clerk's office. The same evening your petitioner called at the clerk's office for the order, but found it had not been left; he proceeded to the Spotswood and saw the judge, who stated that he had not been able to overtake a number of little things, this order among them, but in a few days it would be sent from Alexandria. Your petitioner repeatedly applied at the clerk's office for the said order, but the invariable reply was, that none such had ever been received. On March 22, petitioner saw the judge, personally, at Alexandria on the subject, who promised that it would be transmitted to Richmond by the middle of that week. 15. That your petitioner

(of this date April 9, 1869) received with no little surprise the imperative order, by Judge Underwood, dated March 30, 1869, declaring the order of February 20, 1869, final, an order which your petitioner had troubled himself so much to obtain, and which neither of the assignees in this bankruptcy ever saw or had served upon them, and which required them forthwith to pay to the bankrupt, Moses Mitteldorfer, as trustee for his daughter, Mrs. Marcus, the sum of one thousand three hundred and sixty-eight dollars, of the money of Mitteldorfer & Co., creditors, without any proof in support of the claim except the oath of the said Moses Mitteldorfer, bankrupt, who was incompetent to make such proof of debt even had proof of it existed. 16. From the preceding statement of facts and following reasons, your petitioner respectfully submits that the order by Judge Underwood, of March 30, 1869, be recalled, and the assignees allowed a proof of their averments in the premises.

Reasons: 1. Because the petitioner and Mr. H. L. Kent are assignees of Mitteldorfer & Co. as a company, and not of Moses Mitteldorfer in his individual capacity. 2. Because the funds in the possession of the said assignees are the moneys recovered from the assets of Mitteldorfer & Co., and can only be applied in payment of the company's debts. 3. Because the pretended claim of the bankrupt Moses Mitteldorfer, as trustee for Mrs. Rosalie Marcus is fraudulent, and his oath, which has been sustained by the district court as the ground for issuing the order of March 30, 1869, is not only no proof of debt of itself, but it is illegal and incompetent in respect of the said Moses Mitteldorfer's bankruptcy. 4. Because, were the claim of Mrs. Marcus a just and valid claim against Mitteldorfer & Co., the proof in her favor could only be made by the assignees in bankruptcy of Moses Mitteldorfer, unless the court had made a new appointment of trustee to Mrs. Rosalie Marcus, which in this case it has not done. 5. Because in the absence of Ledger A, fraudulently concealed or destroyed by the bankrupts, Moses Mitteldorfer, Charles Mitteldorfer, and Jonas Marcus, the individual partners thereof, have rendered themselves amenable to the penal section of the bankrupt act, which provides that to "part with, conceal, or destroy, alter, mutilate, or falsify, or cause to be concealed, destroyed, altered, mutilated, or falsified, any book, deed, document, or writing relating thereto, or remove or cause to be removed, the same or any part thereof out of the district, or otherwise dispose of any part thereof, with intent to prevent it from coming into the possession of the assignee in bankruptcy, or to hinder, impede, or delay either of them in recovering or receiving the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof in any court of the United States, shall be punished by imprisonment with or without

hard labor, for a term not exceeding three years." 6. Because the bankrupts have removed, concealed, or destroyed Ledger A, for the purpose of hindering, impeding, and delaying your petitioner in his investigations into the affairs of their said firm, and more especially as regards the pretended Marcus transaction. Your petitioner avers, and will on the production of the said Ledger A, prove, that for their purpose of carrying through this fraudulent claim the books of the firm of Mitteldorfer & Co. have been falsified. 7. Because the proceedings in the district court in this case are irregular and inapt, in respect that the order of February 18, 1869, was issued on the mere petition (it is said) of Mrs. Rosalie Marcus, coupled with certain ex parte statements of her counsel, but who has proved no debt against Mitteldorfer & Co., and said petition is unknown in the proceedings. 8. Because, that on such an application being made, your petitioner avers that the duty of the judge was to order service of said petition upon the assignees, requiring them within a specified time to file answers thereto, but instead of order and form, a series of irregularities go on, ending in the issuing of orders which are not obeyed, because they never reach the parties on whom by order of the court they ought to be served. Assignees are bound to protect creditors at all hazards, and in the present case they would have been derelict in their duty, had they not resisted the payment to an undischarged bankrupt of this sum of one thousand three hundred and sixty-eight dollars of the creditor's money without one tittle of evidence that the firm was in any way responsible for such claim beyond the oath of Moses Mitteldorfer, wholly unsupported by any evidence whatever, and which oath clearly proves his own malfeasance as trustee to his daughter, and for which he is alone responsible.

In respect to the foregoing facts and reasons, your petitioner respectfully craves that your honor will be pleased to recall the entire proceedings, and of new, order the petition of Mrs. Rosalie Marcus to be served upon the assignees of Mitteldorfer & Co., and ordain them within a reasonable time to file their answers thereto, remitting the case to Mr. Register Bond to take the evidence of parties and report, or do otherwise in the premises as to your honor may seem proper. In respect whereof,

Andrew Rutherglen, for Petitioner.

Mr. Rutherglen, for petitioner.
L. H. Chandler, for respondent.

CHASE, Circuit Justice. It appears in this case, that Moses Mitteldorfer, one of the bankrupts, filed with the register a claim in behalf of Rosalie Marcus for six thousand eight hundred and forty dollars. This claim proved by the oath of Mitteldorfer, was referred together with the others against the

estate of the bankrupts by Register Bond, to the assignees, Andrew Rutherglen and Horace L. Kent. Upon examination, some of the claims were allowed, and others rejected. The claim of Mitteldorfer, in behalf of Mrs. Marcus, was among the rejected claims, and with the others, was returned to the register for further proof if any could be made.

In this state of facts, a petition was presented to the district judge, for an order directing the assignees to pay a dividend on this claim to Mitteldorfer as trustee, equivalent to that paid on the admitted claims. This dividend was 20 per cent. on six thousand eight hundred and forty dollars, and amounted to one thousand three hundred and sixty-eight dollars. The first order to this effect was made on February 20, 1869. This order not having been complied with by the assignees, a peremptory order was made on March 30, 1869, reciting the original order, and requiring a compliance with it.

The object of this petition is to obtain a revision and reversal of these orders. The act, in the 22nd and 23rd sections, requires that the proof of claims be made before the register, or commissioner, and transmitted to the assignee, who is to examine the same and compare it with books and accounts of the bankrupts, and register the names of the creditors who have proved their claims.

This seems to have been done in the bankruptcy under consideration. The claim of Mitteldorfer as trustee for Mrs. Marcus, was sworn to before the register, and transmitted to the assignees, and upon examination rejected by them and returned to the register to be held for further proof. No further proof in this claim seems to have been offered, but Mitteldorfer presented his petition directly to the district judge for the orders referred to.

It does not appear that due notice of this petition was given to the assignees, or that opportunity was given them to contest the claim.

It is not doubted that the district court has power, upon the petition of any creditor whose debt has been rejected, to revise the decision of the assignee rejecting. But the mode of proceeding in the present case seems to me to have been irregular. The assignees should have an opportunity to answer the petition and contest the claim, and if upon consideration the court had determined that it should be allowed, an order should have been made requiring the assignees to place it upon the list of admitted claims, and to pay dividend accordingly. It does not appear to me clear that one of the bankrupts should be allowed to represent any claim against the estate; but I leave this matter for the present to the consideration of the district judge.

The order complained of will be reversed, and the case remanded for further proceedings.

[See Cases Nos. 9,675 and 12,175.]